IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-161-BO

| | | |
|---|---|---|
| DANIEL BITTLE-LINDSEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **O R D E R** |
| v. | ) | |
| | ) | |
| THE CLUBS AT ST. JAMES | ) | |
| PLANTATION, LLC and TROON GOLF, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion to dismiss plaintiff's second cause of action and request for punitive damages. Plaintiff has responded to the motion, defendants have replied, and the matter is ripe for ruling. For the reasons discussed below, defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiff filed this action on October 7, 2015, alleging that he was wrongfully terminated from his employment at The Clubs at St. James Plantation after disclosing his HIV-positive status to his supervisors. Plaintiff seeks relief under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, the North Carolina Communicable Disease Act (NCCDA), N.C. Gen. Stat. § 130A-148(i), and makes a claim for wrongful discharge in violation of North Carolina public policy. N.C. Gen. Stat. § 143-422.2. Plaintiff seeks both compensatory and punitive damages.

Defendants first seek to dismiss plaintiff's NCCDA claim, arguing that it was filed outside the applicable statute of limitations. Defendants further contend that plaintiff has failed to state a claim for punitive damages. Both arguments have been made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570. In most circumstances, Rule 12(b)(6) is also the proper standard under which to consider whether, as defendants argue here, a claim is time-barred. *See Cherrey v. Diaz*, 991 F.2d 787 n.1 (4th Cir. 1993).

I.  NCCDA claim

The NCCDA provides that it "shall be unlawful to discriminate against any person having AIDS virus or HIV infection on account of that infection in determining suitability for continued employment . . .." N.C. Gen. Stat. § 130A-148(i). An action under the NCCDA must be commenced within 180 days of the date on which the person alleging discrimination became

or should have with reasonable diligence become aware of the discriminatory practice or conduct. *Id.*

Plaintiff alleges in his complaint that his employment was terminated on July 22, 2014. Plaintiff filed the instant action on October 7, 2015, well-outside the 180-day limitations period. Even assuming, *arguendo*, that plaintiff was not aware that his termination was allegedly based on his HIV status at the time it occurred, plaintiff must have been aware of his NCCDA claim by the time he filed his EEOC charge; plaintiff alleges that he filed a charge with the EEOC within 180 days of the acts complained of in his complaint. [DE 1 ¶ 9]. Thus, even if plaintiff filed his EEOC charge and became aware of his NCCDA claim in January 2015, plaintiff's NCCDA claim remains untimely as approximately nine months passed before plaintiff filed this complaint.

In his response to the instant motion, plaintiff for the first time[1] references a complaint filed in state court on December 1, 2014, raising, *inter alia*, a NCCDA claim against defendants. [DE 12-1]. Plaintiff contends that because his state court complaint was dismissed without prejudice his NCCDA claim is subject the tolling provision found in Rule 41 of the North Carolina Rules of Civil Procedure. "If a plaintiff obtains proper service on a defendant within the time for filing a complaint, a voluntary dismissal of the first action tolls the statute of limitations for one year." *Latham v. Cherry*, 111 N.C. App. 871, 873 (1993) (citing N.C. Gen. Stat. § 1A-1, Rule 41(a)(1)).

Plaintiff's state court complaint was dismissed without prejudice for failure to effect service on defendants. [DE 12-2]. Under North Carolina law, failure to make proper service

---

[1] Generally, a court may not consider matters outside the pleadings or specifically referenced in the pleadings on a motion to dismiss. *Braun v. Maynard*, 652 F.3d 557, 559 n.1 (4th Cir. 2011). A court may, however, consider matters in the public record without converting the motion to one for summary judgment. *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

3

Case 4:15-cv-00161-BO   Document 14   Filed 02/03/16   Page 3 of 5

within the time allowed causes "the action [to be] discontinued and treated as if it had never been filed." *Cherry*, 111 N.C. App. at 873. Moreover, plaintiff's complaint was involuntarily dismissed. In order to invoke the tolling provisions of Rule 41, the complaint must be either voluntarily dismissed or the judge ordering involuntary dismissal must specify both that the dismissal is without prejudice and that a new action based on the same claim may be commenced within one year. N.C. Gen. Stat. § 1A-1, Rule 41(a);(b). The order dismissing plaintiff's state court complaint does not state that any limitations period is tolled, and thus plaintiff's NCCDA claim cannot relate back to the filing of his state court complaint.

Because it has been filed outside the 180 day limitations period, plaintiff's NCCDA claim is properly dismissed.

II.     Punitive damages

In order to recover punitive damages under North Carolina law, plaintiff must demonstrate that defendants engaged in or acted with fraud, malice, or willful or wanton misconduct. N.C. Gen. Stat. § 1D-15. Malice is defined as "a sense of personal ill will toward the claimant that activated or incited the defendant . . .." N.C. Gen. Stat. § 1D-5(5). In order to recover punitive damages under the ADA, plaintiff must demonstrate malice or reckless indifference to his federally protected rights. 42 U.S.C. § 1981a(b)(1); *see also E.E.O.C. v. Fed. Express Corp.*, 513 F.3d 360, 371 (4th Cir. 2008). In order to have acted with reckless indifference to federally protected rights, "an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law . . .." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999).

Though plaintiff's request for punitive damages is not much more than a "formulaic recitation of the elements of the cause of action," *Iqbal*, 556 U.S. at 768, the facts as outlined in

the complaint taken in the light most favorable to plaintiff could support a finding that defendants acted with malice or discriminated in the face of a perceived risk that their actions would violate federal law. Accordingly, in light of the early stage of this proceeding, the Court denies defendants' motion to dismiss plaintiff's request for punitive damages.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 8] is GRANTED IN PART and DENIED IN PART. Plaintiff's second cause of action is DISMISSED. Plaintiff's remaining claims may proceed in their entirety.

SO ORDERED, this _2_ day of February, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 4:15-cv-00161-BO   Document 14   Filed 02/03/16   Page 5 of 5